[Civ. No. 9653.   Third Dist.   August 10, 1960.]

PEARL O'HARRA, Respondent, v. ROBERT J. GHIGLIA, Appellant.

C. Ray Robinson, James A. Cobey and Charles E. Goff for Appellant.

Linneman, Burgess, Telles & Van Atta for Respondent.

PEEK, J.—Plaintiff, by her complaint, sought an accounting and the recovery of such sums of money as the accounting indicated were due to her from defendant under the terms of a percentage base lease entered into by the parties. Defendant's cross-complaint alleged an overpayment of rent by him and sought reformation of the lease on the grounds of fraud and mistake. The court found for the plaintiff in the sum of $14,624 and denied defendant any relief on the causes of action alleged in his pleading. It is from this judgment that the defendant now appeals.

The defendant is a grower, packer and shipper specializing in tomatoes and carries on these activities in Merced County

under the fictitious name of the Merced Produce and Packing Company. The plaintiff is the owner of 80 acres of farmland in the same county, who prior to the aforementioned lease had no contact with the tomato industry.

On October 30, 1955, the parties signed a document by which plaintiff leased to defendant 80 acres for the sole purpose of growing tomatoes. The portions thereof pertinent to this appeal are as follows:

"TERMS: This lease is a percentage lease of 20% of the gross proceeds or $6,000.00 whichever is the greater, payable at the end of the tomato season.

"Mrs. Pearl O'Harra shall receive 20% of the gross income on the green tomatoes at the time of harvesting, and 20% of the gross income of the ripe tomatoes at the time of ripe tomato harvest. Mrs. O'Harra shall pay 20% of the cost of the ripe tomato harvesting, at time of ripe harvest."

On August 18, 1956, the defendant presented to the plaintiff his final accounting for that year's crop, showing payment to the plaintiff of $17,170.22, which sum he claimed was full payment under the terms of the lease. The plaintiff objected to this accounting and contended that without considering the tomatoes taken from her land and not reflected on any of the defendant's books, these books showed that of approximately 1½ million pounds of tomatoes which came into the packing shed, roughly one-half million pounds were not accounted for as being culls and hence must have been shipped out of the shed. The plaintiff then determined that these unaccounted-for tomatoes were valued at approximately $21,000, using as a basic price per box that amount paid by the broker or ultimate consumer to the defendant. The trial court substantially accepted the plaintiff's computations but reduced the amount claimed by some $6,000 and expressly failed on request to make any detailed findings as to the method by which the sum awarded was determined.

The defendant contends that it was prejudicial error for the trial court to refuse to admit parol evidence of custom and usage in the tomato trade, and in this locality, in order to determine the meaning of the terms, "gross income" and "gross proceeds." It appears the court reasoned that these terms were not ambiguous, and even if they had a technical meaning in the tomato industry, the plaintiff was not bound thereby because there was no evidence produced connecting her with that trade. We believe that the reasoning of the trial court was erroneous.

■ Although there would appear to be no patent ambiguity in the terms, "gross income" and "gross proceeds," when applied to this defendant, this meaning is obviously not precise. This is so because defendant was not only a grower, but a packer, shipper and dealer in tomatoes, and the gross income or proceeds which he would receive would depend entirely upon which phase of his business was considered. Under such circumstances these terms are at least latently ambiguous and therefore parol evidence of custom and usage was admissible to determine what the parties intended by their use in the lease. (Code Civ. Proc., § 1870, subd. 12; *Miller* v. *Stults,* 143 Cal.App.2d 592, 602 [300 P.2d 312].)

■ Secondly, even though the plaintiff was not active in the tomato industry this is not entirely determinative of the relevancy and materiality of the evidence of custom and usage. As stated in *Wooley* v. *Schilder,* 161 Cal.App.2d 683, 686 [327 P.2d 198], the rule of custom and usage ". . . is not operative against one who is not a member of the trade or profession 'unless he in fact knows it or has such reason to know it that the member reasonably believes that he knows it.' " (Citing 3 Corbin on Contracts, p. 139, § 557.) ■ Applying this rule to the facts here presented, we find no evidence that plaintiff actually knew that the terms, "gross proceeds" or "gross income," meant the price which the grower obtained from the packing shed. However, if defendant had been allowed to proceed with his proof, it is likely that he could have established a custom and usage in the locality to that effect which would be binding on the plaintiff, or at least would lead defendant to believe that she so understood the terms; for it is undisputed that although the plaintiff had no previous experience with tomatoes, she had owned and farmed her land for some 30 years. Hence the evidence should have been admitted, and the failure to do so under the circumstances was prejudicial error.

Since the error discussed above requires that the judgment be reversed, we find it unnecessary to consider the other issues raised by the defendant on this appeal.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied September 2, 1960, and respondent's petition for a hearing by the Supreme Court was denied October 5, 1960. Peters, J., and White, J., were of the opinion that the petition should be granted.